**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:23-0410** |
| **v.** | : | **(JUDGE MANNION)** |
| **DEP'T OF CORRECTIONS,** | : | |
| **Defendant** | : | |

## MEMORANDUM

### I. BACKGROUND

On February 27, 2023, Plaintiff, Charles Talbert, an inmate currently confined at the Forest State Correctional Institution, Marienville ("SCI-Camp Hill"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). The named Defendants are the Commonwealth of Pennsylvania, the Pennsylvania Department of Health, the Pennsylvania Department of Human Services, the Philadelphia Court of Common Pleas and the Pennsylvania Department of Corrections. Id. The filing fee was paid. (Doc. 2). By Order dated March 7, 2023, the Eastern District Court dismissed all named Defendants with leave for Plaintiff to file an amended complaint

and transferred the above captioned action to the United States District Court for the Middle District of Pennsylvania. (Doc. 5).

On March 8, 2023, the above captioned action was received and filed in the Middle District. (Doc. 6).

On March 21, 2023, Plaintiff filed an amended complaint, naming the Pennsylvania Department of Corrections ("DOC") as the sole Defendant. (Doc. 8). Plaintiff alleges that the December 18, 2019, sentencing order from the Philadelphia County Court of Common Pleas mandated that the Department was to provide him with mental health treatment at SCI Waymart. He further alleges that the Department, through unidentified employees, is denying him appropriate mental health treatment and, instead "intentionally and frequently trigger[ing] his symptoms, seeking a negative, aggressive, and impulsive reaction from him, so that [the Department can] keep him confined to the restrictive housing unit (RHU) under disciplinary custody status." (Doc. 8). He claims Defendant violated his Eighth and Fourteenth Amendment rights, as well as raising an Americans with Disabilities Act and Rehabilitation Act. Id. He seeks compensatory damages. Id.

Presently pending is Defendant's motion dismiss Plaintiff's amended complaint for, *inter alia*, lack of jurisdiction. (Doc. 21). The motion is fully

briefed and is ripe for disposition. For the following reasons, the Court will grant Defendant's motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

## II. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss an action for lack of subject matter jurisdiction. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a facial challenge under Rule 12(b)(1), the standards associated with Rule 12(b)(6) are applicable. See id. In this regard, the Court must accept all factual allegations in the complaint as true, and the Court may consider only the complaint and documents referenced in or attached to the complaint. In a factual challenge to the Court's subject matter jurisdiction, the Court's analysis is not limited to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to

resolve any factual issues bearing on jurisdiction. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).

Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. Mortensen, 549 F.2d at 891. If a dispute of material fact exists, "the [C]ourt must conduct a plenary hearing on the contested issues prior to determining jurisdiction." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 290 (3d Cir. 2006); see also Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 200 (3d Cir. 1990) (stating that a district court must ensure that a plaintiff has "had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing," to support his claim of jurisdiction (citation omitted)).

## III. DISCUSSION

The Department of Corrections seeks dismissal of the above captioned action for lack of jurisdiction, based on the terms of a settlement agreement that Plaintiff executed on March 24, 2023. (Doc. 24). The Court takes judicial notice of the terms of the settlement agreement[1], wherein "Plaintiff agrees to

---

[1] In support of their motion to dismiss, Defendants submit a true and correct copy of the executed settlement agreement. (Doc. 24-3). Federal Rule of Evidence 201 allows the court to take judicial notice of "a fact that is not subject to reasonable dispute because it ... can be accurately and readily *(footnote continued on next page)*

seek and cause to be filed a dismissal with prejudice of all litigation pending against the Commonwealth, its agencies, officials and/or employees on or before March 7, 2023, within seven (7) days of receipt of the settlement consideration." (Doc. 24-3).

The instant action was initiated on February 27, 2023, with the Department of Corrections named as one of the original Defendants. (Doc. 1). Although not listed as one of the several existing actions in the settlement agreement, the agreement encompasses "several actions against the Commonwealth, its agencies, officials, and employees in various Pennsylvania courts, including **but not limited to the following**[]." (Doc. 24-3 at 2)(emphasis added). Thus, it was incumbent upon Plaintiff, in order to abide by the terms of the settlement agreement, to have sought out the above captioned action and cause it to be dismissed with prejudice. He did not. To the extent that Plaintiff argues that he did not seek dismissal of the above captioned action because an amended complaint, naming the DOC, was filed on March 21, 2023, after the settlement agreement was reached,

---

determined from sources whose accuracy cannot reasonably be questioned." This Court has previously recognized that Department records are indisputably authentic documents of which judicial notice can be taken in a Motion to Dismiss. O'Hara v. Mosher, et al., No. 3:17-cv-916, 2017 WL 5473462, n1 (M.D. Pa. Nov. 14, 2017).

the Court finds that the relevant date for purposes of the settlement agreement is not the date of the operative pleading, but rather, the date that action was commenced. Consequently, we find that, pursuant to the terms of the settlement agreement reached between Plaintiff and the Department of Corrections, Plaintiff has released the claims raised in the instant action against the DOC, the sole Defendant, and the action will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Any outstanding motions filed by the parties will be dismissed as moot.

A separate Order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 12, 2024**
23-0410-01